IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LETICIA VASQUEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-609-XR |
| | § | |
| TERRI PEASE, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

### ORDER

On this day, came to be considered Plaintiff's motion to remand.  Doc. No. 5.  After careful consideration, the motion is GRANTED.

### BACKGROUND

This case arises out of a motor vehicle accident between the parties.  On October 30, 2013, Plaintiff Leticia Vasquez filed her Original Petition in Bexar County Court of Law Number 10.  *See* Orig. Pet., Doc. No. 1, Ex. 1.  Therein, Plaintiff asserts a state law cause of action for negligence.  *Id.*  On July 7, 2014, Defendant Terri Pease removed the case to this Court.  Doc. No. 1.  In her Notice of Removal, Defendant contends that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Defendant is a citizen of Texas and Plaintiff is a foreign national.  *Id.*   On August 6, 2014, Plaintiff filed the instant motion to remand.  Doc. No. 5.  Defendant has not filed a response.

**DISCUSSION**

Plaintiff's motion to remand raises a potentially sensitive factual inquiry into her residency status in the United States. Generally, suits between citizens of a U.S. State and foreign nationals qualify for diversity jurisdiction, provided that the amount in controversy requirement has been satisfied. *See generally*, *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) (discussing purposes of alienage jurisdiction). However, the diversity jurisdiction statute also provides that "the district courts shall not have original jurisdiction… of an action between citizens of a State and citizens… of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2).[1] As a result, there is no complete diversity in a suit between a Texas resident and a foreign national who is: (1) lawfully admitted to reside in the United States; and (2) actually domiciled in Texas.

In her motion to remand, Plaintiff argues that Defendant has not met her burden of establishing that Plaintiff is *not* a lawful permanent resident.[2] Doc. No. 5; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (noting that removing party bears burden of establishing jurisdiction). Accordingly, Plaintiff contends that § 1332(a)(2) deprives this Court of original jurisdiction over this case. Doc. No. 5. Plaintiff has, however, steadfastly refused to provide Defendant with information on her status as a lawful permanent resident. While Plaintiff's reluctance to disclose this information to an adverse party in litigation may

---

[1] Perhaps an unintended consequence of this statutory provision is that a removing defendant, who bears the burden of establishing subject matter jurisdiction, is placed in the position of having to show that the foreign national is *not* lawfully admitted for permanent residence.

[2] Federal immigration law defines whether an individual has been "lawfully admitted" to the United States. *Funygin v. Yukos Oil Co.*, 2005 WL 1840147 (S.D. Tex. July 28, 2005)

be understandable, she may not unilaterally withhold the facts necessary to establish this Court's jurisdiction while simultaneously using that refusal as a basis to remand.

This does not end the inquiry. The only Defendant in this case is a Texas resident who was not originally entitled to remove the case under the forum-defendant rule. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (discussing forum-defendant rule). The removal statute plainly provides that "[a] civil action … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In this case, the only Defendant is a citizen of Texas, the forum state. *See* Orig. Pet. Doc. No. 1, Ex. 1. Defendant was therefore not originally entitled to remove this action under the forum-defendant rule.

Slightly complicating the analysis is Plaintiff's failure to raise the forum-defendant rule in her motion to remand. In general, procedural defects in removal are waived if no motion to remand is filed. *See H & H Terminals, LC v. R. Ramos Family Trust, LLP*, 634 F. Supp.2d 770, 773 (W.D. Tex. 2009) ("[T]he forum defendant rule can be waived if a party does not object to removal within the requisite thirty (30) days."). Although the Court must remand *sua sponte* when it lacks subject matter jurisdiction, it may not do so for procedural defects in the removal process. *See In re Shell Oil Co.*, 932 F.2d 1518, 1519 (5th Cir. 1991) (reversing a district court's *sua sponte* remand when removal violated forum-defendant rule). Moreover, violations of the forum-defendant rule are considered to be procedural defects and do not relate to the Court's subject matter jurisdiction. *Id.* However, in *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004), the Fifth Circuit held that once a motion to remand is timely filed, the Court may remand the case on any procedural ground, even one not

raised in the motion. Stated differently, although the Court may not *sua sponte* remand for procedural defects in the removal process, once a plaintiff seeks remand the Court is entitled to do so for procedural reasons not raised in the plaintiff's motion.[3]  *See id*. (rejecting removing defendant's argument that district court was not entitled to remand on grounds not raised by motion to remand).  As a result, the Court finds that the forum-defendant rule should have precluded removal of this action and that the case should now be remanded.

Plaintiff also seeks attorney's fees in conjunction with this motion to remand.  Doc. No. 5. This Court may grant attorney's fees if the defendant did not have an "objectively reasonable" basis to believe removal was proper.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Although Defendant should have been aware that the forum-defendant rule precluded removal, inasmuch as Plaintiff did not identify this procedural defect in her motion to remand, the Court declines to award fees in this instance.

## CONCLUSION

Based upon the foregoing analysis, Plaintiffs' motion to remand is GRANTED.  Doc. No. 15.  The Clerk is directed to remand the case to state court and to CLOSE this case.

SIGNED this 15th day of August, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[3] The logic is that, by moving for remand, a plaintiff is expressing his or her desire not to be in federal court.  In contrast, it is reasonable to assume that when a plaintiff does not seek remand they are consenting to any procedural defect in removal.